UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOSEPH KAYE,

      Plaintiff,

  v.                                          Case No. 05-C-0982

CITY OF MILWAUKEE, MICHAEL D'AMATO,
DEPARTMENT OF CITY DEVELOPMENT,
MILWAUKEE CITY PLAN COMMISSION,
REDEVELOPMENT AUTHORITY OF THE
CITY OF MILWAUKEE, LINCOLN FOWLER,
JULILLY KOHLER, BUNKIE MILLER, JOHN HYSLOP,
PATRICIA ALGIERS, LISA CHRISTOPHERSON,
and SHIRLEY FERGUSON,

      Defendants.
_____

# ORDER

In an order dated July 11, 2006, the court granted the defendants' motions to dismiss and for sanctions, dismissing the plaintiff's complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. The United States Court of Appeals for the Seventh Circuit dismissed the appeal in this action in an order dated December 17, 2007. The Seventh Circuit instructed this court to "indicate whether it had intended to dispose of the entire case or grant Kaye leave to file an amended complaint, and proceed accordingly. [The district court] should also set the amount of attorney's fees." *Kaye v. City of Milwaukee, et al.,* Appeal No. 06-3139, 3 (7th Cir. Dec. 17, 2007).

In their briefs and motions, the defendants repeatedly asked for a dismissal "with prejudice and without leave to amend." Unfortunately, the court granted the defendants' motion to dismiss without formally indicating whether the dismissal was with or without prejudice. To be sure, the court intended to dismiss the plaintiff's complaint without prejudice. As noted by the Seventh Circuit's order, "[t]his is not necessarily a case where amendment would plainly be futile," and "Rule 15(a) allows plaintiffs to amend once as a matter of course before they are served with a 'responsive pleading.'" *Kaye*, Appeal No. 06-3139 at 2 (citing *Crestview Village Apartments v. U.S. Dep't of Housing and Urban Dev.*, 383 F.3d 552, 557–58 (7th Cir. 2004) (holding that a motion to dismiss, unlike an answer to the complaint, is not considered a "responsive pleading" for purposes of Rule 15)). As such, if the plaintiff chooses to file an amended complaint, the court will grant him 30 days from the date of this order to do so.

In addition, in granting the defendants' motions to dismiss and motions for sanctions, the court determined that the allegations in the complaint were sufficiently deficient and inadequate that the plaintiff, an attorney representing himself, should pay the defendants for "their reasonable and necessary attorney's fees incurred in connection with their motions to dismiss and for sanctions." (July 11, 2006 Order 16.) As noted above, the Seventh Circuit directed this court to set the amount of attorney's fees the plaintiff should be required to pay to the defendants. In order to determine whether the defendants are entitled to all their attorney's fees and costs

incurred in connection with the motions to dismiss and for sanctions, or if some other amount is sufficient to deter the plaintiff, and others similarly situated, from filing a deficient and inadequate complaint, the court will allow the parties to file briefs on this issue. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). The defendants may file a petition for attorney's fees and costs along with a supporting brief within 30 days from the date of this order. The briefing schedule under Civil Local Rule 7.1 will apply to such fee petition.

Finally, given that the defendants will be permitted to file a new petition for attorney's fees and costs, the court will deny, without prejudice, the currently pending requests and motions for attorney's fees and costs filed by the City of Milwaukee Defendants, Julilly Kohler, and Shirley Ferguson. These defendants remain free to re-file their respective fee requests together with a supporting brief as set forth above.

Accordingly,

**IT IS ORDERED** that within **30 days** from the date of this order the plaintiff may file an amended complaint;

**IT IS FURTHER ORDERED** that within **30 days** from the date of this order the defendants may file a petition for attorney's fees and costs along with a supporting brief regarding the amount of attorney's fees to be awarded;

3

**IT IS FURTHER ORDERED** that the requests and motions for attorney's fees and costs filed by the City of Milwaukee Defendants, Julilly Kohler and Shirley Ferguson (Docket ## 55, 58, 60) be and the same are hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge