# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH KAYE,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 05-CV-982

CITY OF MILWAUKEE, Michael D'AMATO,
DEPARTMENT OF CITY DEVELOPMENT,
MILWAUKEE CITY PLAN COMMISSION,
REDEVELOPMENT AUTHORITY OF THE CITY OF MILWAUKEE,
LINCOLN FOWLER, JULILLY KOHLER, BUNKIE MILLER,
JOHN HYSLOP, PATRICIA ALGIERS,
LISA CHRISTOPHERSON, and SHIRLEY FERGUSON ,

        Defendants.

## ORDER

On September 13, 2005, plaintiff Joseph Kaye filed a complaint alleging that numerous defendants had violated the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), Title 18 U.S.C. 1962(b)-(d), and its state law counterpart, the Wisconsin Organized Crime Control Act ("WOCCA"), Wis. Stat. § 946.87(4). Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) as well as to impose sanctions pursuant to Fed. R. Civ. P. 11. Though plaintiff opposed these motions, the court granted the motions for dismissal and for sanctions on July 11, 2006. Plaintiff appealed the court's order, and on December 17, 2007, the Seventh Circuit Court of Appeals ruled that it was without jurisdiction to hear either matter, because this court had not dismissed Kaye's case with prejudice, and because this court had not yet set the amount of sanctions.  Thus, the court permitted plaintiff to file an amended complaint, which he did on March 11, 2008. Contemporaneously, defendants filed motions for attorney fees and expenses per the Rule 11 sanction awarded by the court in its original July 11, 2006 order. The court withheld

ruling on the appropriate amount to be awarded as sanctions until after it had the opportunity to rule on Kaye's amended complaint, which the court dismissed pursuant to defendants' subsequent 12(b)(6) motion on December 18, 2008. In dismissing Kaye's amended complaint, the court stated that the action was "dismissed on the merits;" however, as defendants point out, given the prior ruling by the Seventh Circuit, it would be judicious for the court to specify that indeed the case is dismissed with prejudice. The court takes this opportunity to specify that, indeed, plaintiff's amended complaint was dismissed with prejudice. Additionally, now that the court has reached a final resolution of this matter, the appropriate amount to be awarded as sanctions in accordance with the court's July 11, 2006, Rule 11 ruling is ripe for consideration.

Rule 11(b)(2) requires that "the claims, defenses, and other legal contentions [of filings] are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Rule 11(c) of the Federal Rules of Civil Procedure allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met. Under Rule 11, the district court may impose sanctions if a lawsuit is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *CUNA Mut. Ins. Soc'y v. Office and Prof'l Employees Int'l Union, Local 39,* 443 F.3d 556, 560 (7th Cir. 2006) (citations omitted). In its July 11, 2006 order, this court, based on the objective evidence and the pleadings, found that:

> Kaye should have known that his RICO claims had no legal basis. More specifically, Kaye should have known that theft is not a predicate act under RICO; that the complaint does not allege facts that constitute extortion; that he must plead fraud allegations with particularity; that the alleged bribery scheme does not constitute a pattern of racketeering; and that a RICO enterprise is defined by its structure, duration, and organization, not by its purpose and conduct.

(Docket #53 p. 16). Therefore, the court ordered that "Kaye reimburse the defendants for their reasonable and necessary attorney's fees incurred in connection with their motions to dismiss and for sanctions." (Id.). As previously noted, defendants subsequently submitted motions and briefs addressing the dollar amount of their respective attorney's fees and costs. In opposing these motions, Kaye gave very little attention to the matter of the appropriate amount to be awarded (the only issue still unresolved with respect to sanctions), and instead devoted his attention to arguing that sanctions were inappropriate, an issue that the court had already determined. (Docket #83). In addressing the appropriate amount for sanctions, counsel for defendants D'Amato and Fowler detailed $31,735.00 in attorneys' fees and $2,519.45 in expenses. (Docket #71 pp. 8-11). Counsel for defendant Kohler detailed $3,506.32 in attorney's fees and expenses. (Docket #73 Johnson Aff. ¶¶ 4-6). Counsel for defendant Ferguson detailed $11,161.00 in attorney's fees and $96.35 in expenses. (Docket #78 Ex. A).

When presented with these figures, Kaye's main argument as to the appropriate amount of the award was an assertion that the cited figure (a total of $49,018.12) would only be a reasonable amount to contend with a viable RICO complaint, but certainly was not reasonable if indeed his complaint was so deficient as to warrant sanction. (Docket #83 p.11). The court finds this argument unconvincing, for, even though the court ultimately found that plaintiff's complaint was deficient, it nonetheless expended a great deal of its limited resources reading the submissions of the parties, researching, and drafting its opinion. Thus, the fact that defense counsel should do the same, especially with such high stakes, does not at all strike this court as unreasonable. Additionally, Kaye argued that the defendants were unreasonable in using private sector attorneys, rather than the City Attorney's Office. (Id.). The court has no knowledge as to whether the City Attorney's

-3-

Office was available to provide representation to some or all of the named defendants; however, there is certainly nothing unreasonable about retaining private sector representation. Indeed, at the time these defendants did so, they had no way of knowing if they would be awarded their attorney's fees; they undoubtedly were prepared to bear this expense themselves in order to deal with plaintiff's serious allegations. Indeed, allegations of RICO violations are generally viewed as being very serious. Such allegations can brand defendants as criminals, as well as expose them to treble damages if found liable. The award of treble damages not only acts in a punitive manner for RICO violators, but it also serves to provide an incentive for would-be plaintiffs. By the same token, this incentive can have the unintended consequence of producing frivolous RICO claims. It is unclear whether Kaye was motivated by such an incentive, or if perhaps he was more motivated on the bases of personal vendetta (it would appear that his pleadings and briefs support the latter). What is clear is that, whatever the motivation, plaintiff brought extremely serious, yet demonstrably frivolous claims against the named defendants, which were expensive to defend against. Kaye argues that sanctioning those who try, but are ultimately unsuccessful, in relying upon the RICO statutes would be a disincentive to use the law - which he concludes is the opposite of congressional intent. (Id. p. 13). However, the court did not award sanctions because Kaye was unsuccessful in stating a RICO claim, it awarded sanctions because Kaye, as an attorney, filed a RICO claim that the court determined to be unsupported in fact or law. To be sure, sanctioning such behavior is manifestly in keeping with the intent expressed in Rule 11.

With the benefit of defendants' detailed explanations for their reasonable and necessary fees and expenses, and because plaintiff has offered no convincing arguments as to why these fees and expenses should not be the appropriate award for the previously

determined Rule 11 sanctions, the court will award defendants the full amount of their requested attorneys' fees and expenses, as set forth in their motions.

Accordingly,

**IT IS ORDERED** that D'Amato and Fowler's Motion for Attorney Fees and Expenses totaling $34,254.45 (Docket #72) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Kohler's Motion for Attorney Fees and Costs totaling $3,506.32 (Docket #73) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Ferguson's Second Motion for Attorney Fees and Expenses totaling $11,257.35 (Docket #75) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge